UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        Plaintiff, )<br> )<br>    v.  )<br> )<br>FAIRLY W. EARLS, )<br>        Defendant. ) | CAUSE NO.:  2:10-CR-222-JVB-PRC<br>                     2:24-CV-314-JVB |

## OPINION AND ORDER

This matter is before the Court on a Motion Pursuant to 28 U.S.C. § 2255 Due to New Rule of Law and Intervening Change in Law [DE 172] filed by Defendant Fairly W. Earls on September 9, 2024. The Government responded on October 10, 2024, and Earls replied on October 24, 2024.

## PROCEDURAL BACKGROUND

Earls was charged in a three-count indictment of (1) making a false statement in a passport application, (2) aggravated identity fraud, and (3) identity theft. He was convicted on all three counts at the conclusion of his jury trial. The conviction was upheld on appeal.

On July 12, 2021, Earls filed an earlier motion for relief under 28 U.S.C. § 2255, which the Court denied on February 23, 2024. Earls did not appeal that denial.

## ANALYSIS

Earls argues that he is entitled to relief because (1) his 6th and 14th Amendment rights were violated when he was denied a fair trial due to vagueness in 18 U.S.C. § 1028A (which is the statute undergirding the aggravated identity fraud conviction) and (2) his 5th Amendment right was violated by the sentence imposed on the aggravated identity fraud conviction. The Government counters that the Court lacks jurisdiction to consider this motion, which is the second motion Earls has filed under 28 U.S.C. § 2255.

"Successive § 2255 petitions must be certified by a panel of the appropriate court of appeals to contain newly discovered evidence or 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Hrobowski v. United States*, 904 F.3d 566, 568 (7th Cir. 2018) (citing 28 U.S.C. § 2255(h)). Successive petitions filed without leave of a panel of the appellate court should be dismissed for lack of jurisdiction. *Id.*

The Government maintains that Earls has not received the necessary permission to file a successive § 2255 motion. Earls does not challenge the Government's position, and the Court has been unable to locate any filing with the Seventh Circuit Court of Appeals wherein Earls sought— much less received—permission to file a second motion under § 2255. Accordingly, the Court concludes that it lacks jurisdiction to consider Earls's motion.

## CONCLUSION

Therefore, the Court hereby **DISMISSES for lack of jurisdiction** the Motion Pursuant to 28 U.S.C. § 2255 Due to New Rule of Law and Intervening Change in Law [DE 172].

SO ORDERED on November 6, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
